IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ALONZO BOBO TAYLOR, :
:
    Petitioner :
:
:
VS. : 1 : 05-CV-111 (WLS)
:
STEVE UPTON, Warden, :
:
:
    Respondent. :

**RECOMMENDATION**

On January 8, 2001, Petitioner was indicted by the Ben Hill County grand jury for aggravated assault and burglary. Following a jury trial on September 25, 2001, the petitioner was convicted of both counts of the indictment. He was sentenced to two (2) twenty (20) year sentences to run concurrently. Petitioner's conviction and sentence were affirmed on direct appeal. Taylor v. State, 610 S.E.2d 668 (2005). The Georgia Supreme Court denied petitioner's petition for writ of certiorari on May 23, 2005. The petitioner filed a state habeas petition while his direct appeal remained pending, and this petition was dismissed as premature on January 26, 2005. The petitioner filed this federal habeas petition on August 18, 2005, raising five (5) grounds for relief.

This court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness." Towne v. Dugger, 899 F.2d 1104, 1106 (11th Cir. 1990); Paxton v. Jarvis, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Inasmuch as no dispute has been raised herein regarding the findings of

fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows.

> [T]he evidence showed that on April 26, 2000, Annie Carver was an 80-year-old woman, who lived alone, in Fitzgerald , Georgia. . . . On the night of April 26, as Carver was lying in bed, she heard a knock on her front door at somewhere between 11:00 and 11:30. She went to the window in her front bedroom and looked out. Carver saw a man she did not recognize standing at her front door. . . . After spotting the man, Carver went to the door and, without opening it, asked if she could help him. The man replied that he was supposed to pick up a package at a Ms. Prescott's house at a certain address on her street. Although Carver told the man that he had the wrong address, he insisted that Carver's house was where he was supposed to pick up the package. Carver testified that she talked the man off the porch, but he turned around and came back. This occurred five or six times. . . . The last time the man approached her door, Carver held up a gun, a .38 special, that she kept for protection. She held the gun so that the man could see it, but did not point it at him. At the sight of the gun, the man left the porch, cursing as he went. He threatened Carver, saying that he would come back and "beat her G.D. brains out." Carver stepped back about five feet to the telephone and called 911. As Carver was making the call, the man began breaking the window in her front door with a piece of cement . . . After he broke the glass out of the window, the man reached in through the opening and tried to grab Carver. Carver testified that she was afraid and shot at the man twice, although she was not sure if she hit him. . . . When the police arrived, Carver described the man as a tall and slender black man, with full facial hair . . . Carver said that police [later] asked her to come look at a man they had in a police car . . . [and] [s]he testified that the man police brought to her was definitely the man that had attacked her.

Taylor v. State, 610 S.E.2d at 701-03.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a

2

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. Williams v. Taylor, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) (quoting Williams, 120 S. Ct. at 1520)).

Accordingly, the petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. Williams, 120 S. Ct. at 1519. [1]

*Sufficiency of the evidence*

It does not appear, nor has petitioner shown, that the state court of appeal's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing sufficiency of the evidence set forth in *Jackson v. Virginia.* 443 U.S. 307 (1979), and viewed the evidence in the light most favorable to the verdict. The court concluded that a rational trier of fact could have found the petitioner guilty of the crimes charged beyond a reasonable doubt. The state court's conclusions regarding the sufficiency of the evidence reveal that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this court is prohibited from issuing habeas relief on the basis of the petitioner's challenges to the sufficiency of the evidence.

*Grounds 2 - 5*

In grounds 2 - 5, the petitioner challenges various aspects of the trial court's alleged failures to properly apply Georgia law. The respondent argues that these grounds fail to state a claim for federal habeas corpus relief because no federal question is presented. As the respondent points out, a federal court may only entertain a petition for habeas corpus relief on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty,

---

[1] The court notes that although the Eleventh Circuit set out a three-part inquiry for applying § 2254(d)(1) in Neelley v. Nagle, 138 F.3d 917 (11th Cir. 1998), the court recognized after the Supreme's Court decision in Williams that the "viability of [the third] aspect of *Neelley* is questionable". McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000). Thus, the proper reasonableness inquiry is whether the lower court's decision was objectively reasonable. Id.

or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). There is no indication or allegation of a constitutional violation in grounds 2 - 5, which challenge trial court rulings on objections and admission of evidence, as well as rulings on motions for mistrial and new trial. As such, these grounds present no basis for the granting of federal habeas relief.

Inasmuch as the grounds for relief raised herein will not support the granting of habeas relief, it is the recommendation of the undersigned that this petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of August, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb